UNITED STATES of America, Plaintiff—Appellee,

v.

J.D.B., Jr., Juvenile, Defendant—Appellant.

No. 01–30353.

D.C. No. CR–01–00065–GF/SEH.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2002.*

Decided May 13, 2002.

Before RYMER, McKEOWN, and GOULD, Circuit Judges.

MEMORANDUM **

Following a bench trial, appellant J.D.B. was adjudged a juvenile delinquent for committing a crime that would have constituted burglary if he were an adult, and he was sentenced to be imprisoned until his eighteenth birthday pursuant to 18 U.S.C. § 5037(b)(1). On appeal, he urges the reversal of his conviction on the sole ground that it was not supported by sufficient evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The standard of review on a challenge to the sufficiency of the evidence is well-established: taking "the evidence in the

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

light most favorable to the prosecution," the conviction must be upheld as long as "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). When the district court sits as the trier of fact, its credibility determinations are reviewed for clear error, and "an appellate court must be especially reluctant to set aside a finding based on the trial judge's evaluation of conflicting ... oral testimony." *Beech Aircraft Corp. v. United States,* 51 F.3d 834, 838 (9th Cir.1995) (per curiam) (citations omitted).

The record in this case contains ample evidence to permit a rational trier of fact to find J.D.B. guilty of juvenile delinquency beyond a reasonable doubt: (1) he was identified as a perpetrator of the burglary by eye-witness Winona Weinberger, who testified to having seen his face as he was leaving the scene of the burglary and to having recognized him at that time as the grandson of one of her neighbors; (2) the police officer who responded to the burglary testified that J.D.B. fled from her when she questioned him on the incident, and she later discovered the stolen property exactly where Ms. Weinberger testified that the burglars had hidden it, thus corroborating the accuracy of Ms. Weinberger's testimony; and (3) another juvenile testified to having participated in the burglary with J.D.B.

The district court expressly found that testimony by a juvenile, who purported to offer an alibi for J.D.B. for a period at least half an hour *after* the burglary took place, to be unpersuasive. That finding was not clearly erroneous.

Finally, none of the purported inconsistencies in the testimony of the government's witnesses affected the district court's ability to find beyond a reasonable doubt that J.D.B. committed the offense.

AFFIRMED.